

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:        Attention:  Mr. Charles E. Baughman

Opinion No. O-3766
Re: Is the Department of Agriculture
authorized to require that the
provisions of the bonds furnished
by employees of cooperative asso-
ciations be uniform? And related
questions.

    Your recent request for an opinion of this Depart-
ment upon the questions as are herein stated has been received.

    We quote from your letter as follows:

    "The question has been raised whether the bonds
furnished to indemnify Cooperative Association should
be uniform in wording relative to conditions. Please
advise if this Department, under the above mentioned
chapter, would be authorized to require that the pro-
visions of the bonds furnished by such employees to
the Association, be uniform.

    "And if the Department would be authorized to
require the bonding companies to use bond forms
carrying such uniform provisions. Also, please ad-
vise whether the Department would be authorized to
require a Cooperative to furnish this Department
with a copy of the bond or bonds.

    "We are attaching hereto copies of the Statute,
also, copies of the By-laws. In case your answer
should be in the affirmative, we would appreciate it
very much if you would draw a form to be used by the

Department of Agriculture, Page 2

bonding company, in the bonds furnished in the
above connection."

We assume from your inquiry that you have reference
to the bonds of officers, employees, and agents of corporations
incorporated under the "Co-operative Marketing Act". Gener-
ally speaking, an association may be formed under the Co-oper-
ative Marketing Act by five or more persons engaged in the
production of agricultural products or three or more associa-
tions to engage in any one or more of the activities specified
in the Act. Generally, the organization is effected by a group
of persons or organization committee, who may make .any minor
changes in the organic features of the incorporation, when au-
thorized by the organization agreement, and a majority of whom
may determine the propriety of completing the organization, at
least where there is no dissent or objection on the part of the
absentees. Articles of incorporation are required to be pre-
pared, subscribed and acknowledged, and be filed in accordance
with the general corporation laws, and an association which
fails to incorporate is not entitled to the benefits of the Mar-
keting Act. The statute further provides for the adoption of
by-laws, the calling of meetings of members or stockholders, and
the election and removal of officers and directors.

Article 5757, Vernon's Annotated Civil Statutes, requir-
ing each and all officers, employees, and agents handling funds
and property of the corporations created under the provisions of
the Co-operative Marketing Act, reads as follows:

"Each and all officers, employees and agents,
handling funds or property of the corporation created
under the provisions of this Act, or any property or
funds of any person placed under the control of or in
the possession of said corporation, shall be required
to execute and deliver to the corporation a bond of
indemnity, indemnifying the corporation and members
against any fraudulent, dishonest, or unlawful act on
the part of such officers and employees and other acts
as provided by the by-laws of the association. In
case the officers and directors of any corporation au-
thorized to be created under the provisions of this
Act, shall fail to have all officers, employees and
agents handling such funds or property, execute the
bond provided for herein, each and all of said offi-
cers and directors shall be personally liable for all
losses occasioned by such failure, and which might
have been recovered on said bond."

It will be noted that Article 5757, supra, specifically provides that all officers, employees and agents handling funds or property of the corporation are required to execute and deliver to the corporation a bond of indemnity, indemnifying the corporation and members against any fraudulent, dishonest, or unlawful act on the part of such officers and employees and other acts as provided by the by-laws of the association. It is apparent that the main purpose of the above mentioned statute is to protect or save from loss or damage the funds or property of the corporation or any property or funds of any person placed under the control of or in the possession of the corporation. The only purpose of the above mentioned bond is to adequately protect or save from loss or damage the funds or property above mentioned, and if the bond accomplishes this purpose, the form of the bond is immaterial.

All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean that the act of a public officer must be expressly authorized by law or implied therefrom. (22 R. C. L., page 555, Section 114.) It follows that the Department of Agriculture may make only such requirements and demands as they are authorized by law to make. (Ft. Cavalry Club Inc. v. Sheppard, 83 S. W. (2d) 660.) After a careful search of the pertinent statutes relative to the questions here involved, we are unable to find any statute that authorizes the Department of Agriculture to require that the provisions of the bonds furnished by the officers, employees and agents of the associations incorporated under the Co-operative Marketing Act to be uniform. Neither do we find any authority authorizing the Department of Agriculture to require the bonding companies to use bond forms carrying such uniform provisions. It is our further opinion that the Department of Agriculture is not authorized to require any association incorporated under the above mentioned Act to furnish the department with a copy of the bond or bonds required by Article 5757, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED SEP 27, 1940

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BBB

APPROVED
OPINION
COMMITTEE
BY *BWR*
CHAIRMAN